**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20104-BECERRA**

UNITED STATES OF AMERICA,
Plaintiff,
v.

PALACIOS PALACIOS, et al,
Defendant.
______________________________________/

**JOINT UNOPPOSED MOTION TO AMEND THE ORDER APPOINTING A COORDINATING DISCOVERY ATTORNEY**

Undersigned counsel, on behalf of Mr. Victor Pineda Cardona, and the court-appointed counsel and defendants identified in footnote 1 (together, the "Movant Defendants"), jointly move this Court for amending the Order appointing Russell M. Aoki as Coordinating Discovery Attorney ("CDA") to include the newly indicted defendants.[1] Mr. Aoki is one of the national Coordinating Discovery Attorneys under contract with the Administrative Office of the U.S. Courts, Defender Services Office ("DSO"). His role is to

[1] The Movant Defendants, all of whom are represented by CJA-appointed counsel unless noted, and their counsel are: Carlos Giovanni Guerrero Torres (Michael G. Smith); Victor Albeiro Pineda Cardona (Juan J. Michelen); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Angel Mario Yarce Sierra (Patrick D. Wilson); Jheyner Alberto Carmona Flores (Robert M. Perez); Edwin Enrique Blanquicet Rodriguez (Jose Rafael Rodriguez); Manuel Antonio Grosso Guarin (Richard A. Merlino, Jr.); Jhon Jairo Ramirez Gomez (Joseph S. Rosenbaum); Alejandro Giraldo Zapata (James Scott Benjamin); Neil Caceres Duran (Albert Z. Levin); Jhon Jader Andela (David A. Donet, Jr.); Enalber Vargas Gomez (Marc D. Seitles); John Jairo Suarez Alegria (Juan de Jesus Gonzalez); Gersain Mendivelso Jaimes (Nayib Hassan); Alex Miyer Peña (Ricardo P. Hermida); Travis Barrett Nave (Manuel Gonzalez, Jr.); Naiser Franco Castaneda (Dustin M. Tischler); Samir Handal (Paul D. Petruzzi/Privately retained); Jameela Ammara Simmons (Daniel L. Rashbaum); Marcel Williamson (Michael R. Band). Joining this motion is not an admission of any allegation, and no Movant Defendant waives any right or defense.

implement discovery management strategies that increase review efficiency for court-appointed counsel.

Because the government's initial discovery obligations under the Standing Discovery Orders come due on or about October 9, 2026, the Movant Defendants respectfully request a ruling at the Court's earliest convenience.

**Background and basis for appointment**

On August 27, 2026, the Government filed a superseding indictment adding 29 defendants, 22 of which have court-appointed counsel. All are charged with violations stemming from allegations of kidnapping and murder of a foreign official. Discovery is substantial and consists of local and federal law enforcement reports, search warrant pleadings, cellphone reports, and cellphone data. The total volume of discovery is approximately 26 terabytes.

The large volume of discovery led counsel to seek the assistance of Mr. Aoki as a Coordinating Discovery Attorney. He is currently assisting court-appointed counsel, but the Order of appointment does not name the defendants added by the superseding indictment. If the Order is amended, he will continue in his role as a consultant and share the discovery his firm has examined and the review tool they have created. His work will avoid duplicative time and costs in organizing and searching key documents.

The Administrative Office of the U.S. Courts, Defender Services Office (DSO) funds a program to assist Criminal Justice Act Panel attorneys and Assistant Federal Public Defenders with voluminous discovery matters. Under

this program, DSO contracts and pays the fees of an attorney appointed by the Court to serve as Coordinating Discovery Attorney. A Coordinating Discovery Attorney reduces the time and money expended by appointed counsel in organizing, storing, and reviewing voluminous discovery in complex matters like this one.

The use of CDAs is encouraged by DSO and the Department of Justice. The Joint Electronic Technology Working Group (JETWG) was established in 1998 by the Director of the Administrative Office of the U.S. Courts (AOUSC) and the United States Attorney General. It consists of representatives of the Administrative Office of U.S. Courts (AOUSC), Office of Defender Services (ODS), the Department of Justice (DOJ), Federal Defender Organizations (FDO), private attorneys who accept Criminal Justice Act (CJA) appointments, and liaisons from the United States Judiciary and other AOUSC offices.

**The role of a Coordinating Discovery Attorney**

In 2012, the JETWG published best practices for managing post-indictment electronically stored information ("ESI") discovery in federal criminal cases. Principle 8 of its recommendations urges enlisting a CDA:

> Coordinating Discovery Attorneys (CDA) are AOUSC contracted attorneys who have technological knowledge and experience, resources, and staff to effectively manage complex ESI in multiple defendant cases. The CDAs may be appointed by the Court to provide additional in-depth and significant hands-on assistance to CJA panel attorneys and FDO staff in selected multiple-defendant cases that require technology and document management assistance. They can serve as a primary point of contact for the

> U.S. Attorneys Office to discuss ESI production issues for all defendants, resulting in lower overall case costs for the parties…

Dep't of Justice & Admin. Office of the U.S. Courts Joint Working Grp. on Elec. Tech. in the Criminal Justice Sys., *Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases*, 7 n.5 (2012)[2]; *see also* Fed. Judicial Ctr., Criminal E-Discovery: A Pocket Guide for Judges 9, 22, 29, 31, 41, 47, 63, 66, 78–79, 83 (2015) (discussing the use of CDAs in the chapter *Introduction to Recommendations for ESI Discovery in Federal Criminal Cases*, and recommending their appointment on multiple pages[3]).

Mr. Aoki is under contract with DSO to serve as a CDA. DSO would pay for his time and his staff's time. Some of his work requires outside litigation support technology vendors, and for those services he will petition the Court *ex parte* for funds. Mr. Aoki has been appointed CDA in more than 190 federal cases in 48 jurisdictions. He has experience organizing multiple discovery formats while maintaining evidentiary integrity. His work does not include representational services for any defendant.

Mr. Aoki is already this case's CDA. His database holds all prior discovery. Appointing him here avoids rebuilding, re-hosting, and re-paying for a platform that already exists. It also gives the government one point of

[2] *Available at* https://www.justice.gov/archives/dag/page/file/913236/download
[3] *Available at* https://www.fjc.gov/content/309106/criminal-e-discovery-pocket-guide-judges

contact for all defendants and keeps the discovery in a single, consistent set. No other CDA could match that continuity without duplicating the work and cost already invested.

**Request for expedited ruling**

The government's initial production under the Standing Discovery Orders is due on or about October 9, 2026. Without a CDA in place, the government cannot efficiently produce, and counsel cannot efficiently receive, the voluminous discovery. The Movant Defendants therefore ask the Court for an expedited ruling.

**Conferral**

Assistant United States Attorneys Sean T. McLaughlin and Jason Wu, have no objection to this motion. Counsel for each Movant Defendant has reviewed this motion and consents to its filing on their client's behalf.

**WHEREFORE,** the Movant Defendants respectfully requests this Court amend the Order appointing Russell M. Aoki as Coordinating Discovery Attorney ("CDA") to include the newly indicted defendants.

Dated: October 5, 2026

Respectfully submitted,

**STUMPHAUZER KOLAYA & SLOMAN, PLLC**
Two South Biscayne Blvd.,
Suite 1600, Miami, FL 33131
Telephone: (305) 614-1400

*/s/ Juan J. Michelen*
Florida Bar No. 92901
jmichelen@skslegal.com

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, I filed the foregoing document via CM/ECF, which will serve all counsel of record through the Court's electronic notification system or by other authorized means for those not receiving electronic notices.

*s/ Juan J. Michelen*