**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No. 22-CR-20104-JB**

UNITED STATES OF AMERICA,

Plaintiff,

v.

PALACIOS PALACIOS, *et al.*,

Defendants.
_______________________________________/

**AMENDED ORDER APPOINTING RUSSELL M. AOKI AS COORDINATING DISCOVERY ATTORNEY**

**THIS CAUSE** came before the Court on Defendants' Joint Motion to Amend The Order Appointing a Coordinating Discovery Attorney (the "Motion"). ECF No. [2086]. Upon review of the Motion, and being otherwise fully advised in the premises, it is hereby **ORDERED** that Russell M. Aoki of Aoki Law PLLC is appointed as Coordinating Discovery Attorney for court-appointed counsel representing the defendants named in this action (herein "Defendants") and identified in Footnote 1.[1]

[1] The Defendants, all of whom are represented by CJA-appointed counsel unless noted, and their counsel are: Carlos Giovanni Guerrero Torres (Michael G. Smith); Victor Albeiro Pineda Cardona (Juan J. Michelen); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Angel Mario Yarce Sierra (Patrick D. Wilson); Jheyner Alberto Carmona Flores (Robert M. Perez); Edwin Enrique Blanquicet Rodriguez (Jose Rafael Rodriguez); Manuel Antonio Grosso Guarin (Richard A. Merlino, Jr.); Jhon Jairo Ramirez Gomez (Joseph S. Rosenbaum); Alejandro Giraldo Zapata (James Scott Benjamin); Neil Caceres Duran (Albert Z. Levin); Jhon Jader Andela (David A. Donet, Jr.); Enalber Vargas Gomez (Marc D. Seitles); John Jairo Suarez Alegria (Juan de Jesus Gonzalez); Gersain Mendivelso Jaimes (Nayib Hassan); Alex Miyer Peña (Ricardo P. Hermida); Travis Barrett Nave (Manuel Gonzalez, Jr.); Naiser Franco Castaneda (Dustin M. Tischler); Samir Handal (Paul D. Petruzzi/Privately retained); Jameela Ammara Simmons (Daniel L. Rashbaum); Marcel Williamson (Michael R. Band).

The Coordinating Discovery Attorney shall oversee any discovery issues common to the Defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the government, distributing discovery produced by the government and relevant third-party information common to the Defendants;
- Assessing the amount and type of case data to determine what kinds of technology should be evaluated and used so duplicative costs are avoided, and the most efficient and cost-effective methods are identified;
- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;
- Identifying, evaluating, and engaging third-party vendors and other litigation support services;
- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;
- Identifying any additional human resources that the individual parties may need for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess, with input from defense counsel, the most effective and cost-efficient manner to organize the discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services and will not be establishing an attorney-client relationship with any defendant. Discovery intended for the counsel of a specific defendant and not to be shared with the other defense counsel shall be produced by the government directly to defense counsel for that defendant. Discovery issues specific to one defendant shall be addressed by defense counsel directly with the government and not through the Coordinating Discovery Attorney.

For any discovery common to the Defendants already produced by the government before this Order, the government shall provide a copy to the Coordinating Discovery Attorney within 14 days. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel unless the government elects to send discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming the work previously agreed to be performed. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable. However, the Administrative Office of the U.S. Courts, Defender Services Office will pay for his time and the time spent by his staff.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with the copy provided to defense counsel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of October, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**