**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20104-BECERRA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

PALACIOS PALACIOS, et al,
Defendant.
_____________________________________/

# JOINT MOTION TO END SHU CONFINEMENT AND PERMIT JOINT DEFENSE MEETINGS

The seventeen Colombian defendants named in footnote 1 move jointly.[1] They are parties to a joint defense agreement. Each intends to proceed to trial, and all intend to be tried together. They ask the Court to require the government to state whether it asked the Bureau of Prisons ("BOP") to hold them in segregated housing, to end that confinement, and to permit them to meet with counsel to prepare a common defense.

---

[1] The Movant Defendants and their counsel are: Carlos Giovanni Guerrero Torres (Michael G. Smith); Victor Albeiro Pineda Cardona (Juan J. Michelen); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Angel Mario Yarce Sierra (Patrick D. Wilson); Jheyner Alberto Carmona Flores (Robert M. Perez); Edwin Enrique Blanquicet Rodriguez (Jose Rafael Rodriguez); Manuel Antonio Grosso Guarin (Richard A. Merlino, Jr.); Jhon Jairo Ramirez Gomez (Joseph S. Rosenbaum); Alejandro Giraldo Zapata (James Scott Benjamin); Neil Caceres Duran (Albert Z. Levin); Jhon Jader Andela (David A. Donet, Jr.); Enalber Vargas Gomez (Marc D. Seitles); John Jairo Suarez Alegria (Juan de Jesus Gonzalez); Gersain Mendivelso Jaimes (Nayib Hassan); Alex Miyer Peña (Ricardo P. Hermida); Naiser Franco Castaneda (Dustin M. Tischler); Francisco Eladio Uribe Ochoa (Teresa Williams).

These men spent more than five years in a Haitian prison, in conditions no American court would tolerate. They spent those years together. On September 20, 2026, the government brought them here and put them in the Special Housing Unit ("SHU") at the Federal Detention Center, Miami ("FDC Miami"). They are on total lockdown. They have no phone calls, no email, and no family visits. Apart from their lawyers, they have no contact with the outside world. The SHU is generally reserved for inmates being disciplined for violating prison rules, or in exceptional cases, for inmates who need protection. See 28 C.F.R. §§ 541.22, 541.23. Neither applies here. None of these men has broken a rule, and none has asked for protection. Separating them now protects nothing. It punishes them, and it makes it harder for them to defend themselves.

**Background**

The Sixth Superseding Indictment names thirty defendants. Each of the seventeen movants is charged in Counts 1 through 3. ECF No. 1965. Each is a Colombian national and a former member of the Colombian armed forces. Each has separate counsel of record.

Haitian authorities arrested them in July 2021. They were held in Haitian custody until September 2026, and they were held together, in the same facility and in shared cells. They were together.

On September 20, 2026, all seventeen were flown to this District together. They made initial appearances the next day, together.[2] The Court ordered each of them detained. Since arriving at FDC Miami, every one of them has been held in the SHU. None has received an incident report. None has been sanctioned.

FDC Miami has only a few attorney visiting rooms that can reach the SHU. When three lawyers are there, the other fourteen wait. Individual visits are hard to get.

**The SHU is not a holding pen for presumptively innocent men**

BOP's own regulation sets out what the SHU is for. An inmate is placed there either for discipline or for "administrative detention," which removes him from general population "when necessary to ensure the safety, security, and orderly operation of correctional facilities, or protect the public." 28 C.F.R. § 541.22(a). Disciplinary segregation can be imposed "only by a Discipline Hearing Officer" as a sanction for a prohibited act. Id. § 541.22(b). Administrative detention requires a recognized reason: classification, holdover, a pending investigation, a pending transfer, or protection. Id. § 541.23.

[2] ECF Nos. 1913, 1920, 1926, 1927, 1933, 1937, 1942, 1949, 1952, 1955, 1961, 1964, 1966, 1969, 1974, 1977, 1986. Movants were ordered detained between September 24 and October 2, 2026. ECF Nos. 1989, 1996, 2009, 2011, 2012, 2016, 2017, 2020, 2027, 2037, 2052, 2053, 2058, 2059, 2075, 2077.

None of those reasons applies here. No one has been charged with a prohibited act. No one is under investigation inside the facility. No one asked for protection. These are seventeen men awaiting a single trial, who survived side by side for five years before the government brought them here.

Counsel have been led to believe that the 17 Colombians are in the SHU because the government asked BOP to keep them separated from each other. If that is wrong, the government can say so. If it is right, the government should explain why.

**Due process forbids punishing a detainee before trial**

A pretrial detainee has not been convicted of anything. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The test is whether a restriction is reasonably related to a legitimate goal. "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539.

The government cannot identify a legitimate purpose for the separation. The Movants were confined together in Haitian custody from July 2021 until September 2026. That was no secret. United States agents knew where the Movants were held, and with whom, throughout that period. Nothing about the Movants, the charges, or the evidence changed when they landed in Miami.

The only thing that changed was their housing. A restriction imposed now, is not reasonably related to any legitimate goal. Under *Bell*, the Court may infer that its purpose is punishment. 441 U.S. at 539.

**The Court can order consultation and the government can lift its request**

When the Court detains a defendant, it must "direct that the person be afforded reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). That is the Court's order, and the Court can enforce it.

In a joint defense, consultation with counsel includes meeting with co-defendants and their lawyers. The Eleventh Circuit has said so: "in light of the vast resources of the government, it is perhaps appropriate that codefendants be given the opportunity to collaborate on defense tactics and exchange information in a confidential fashion without forcing the defendants to hire the same attorney." *United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003).

The government brought one case against seventeen men. It chose to try them together. It cannot then keep them apart in a way that stops them from preparing that one defense.

The Movants do not ask the Court to manage FDC Miami's housing decisions. The relief they seek rests on the Court's own authority: authority over the parties before it, and over the terms of its own detention orders. The Court can require the government to explain its request and withdraw it. It

can recommend that BOP return the Movants to general population. And it can give effect to its § 3142(i)(3) directive. If FDC Miami cannot hold the meetings, the United States Marshals Service can produce the Movants at the courthouse, where they can meet with counsel in a secure room before or after scheduled proceedings. See 18 U.S.C. § 3142(i)(4).

**The requested conditions answer any security concern**

Counsel will attend every meeting. The movants will work with FDC Miami and the Marshals Service on dates, times, and procedures that cause the least disruption to the facility. The movants are united, and they should be allowed to prepare for trial together.

The government objects to this request.

**WHEREFORE,** the movants ask the Court to:

1. Order the government to state whether it has asked BOP, the Marshals Service, or any other agency to place any movant in the SHU or to separate the movants from one another, and the reason for each such request;
2. Order the government to withdraw any such request unless it shows a legitimate, current reason for it;
3. Recommend that BOP release the movants from the SHU and return them to general population;
4. Amend the movants' detention orders under 18 U.S.C. § 3142(i)(3) to direct that they be afforded a reasonable opportunity to meet jointly

with counsel, either at FDC Miami or, if FDC Miami cannot accommodate the meetings, at the courthouse through the Marshals Service; and

5. Permit counsel to give a copy of the Court's order to the Warden of FDC Miami and the Marshals Service.

Dated: October 30, 2026

Respectfully submitted,

**/s/ James Scott Benjamin**
Florida Bar No. 293245
Benjamin, Aaronson,
Edinger & Patanzo, P.A.
Jamie@BenjaminAaronson.com
*Counsel for Mr. Giraldo Zapata*

**/s/ Juan J. Michelen**
Florida Bar No. 92901
Stumphauzer Kolaya
& Sloman, PLLC
Two South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
jmichelen@skslegal.com
*Counsel for Mr. Pineda Cardona*

**/s/ David A. Donet, Jr.**
Florida Bar No. 128910
Donet, McMillan & Trontz, P.A.
donet@dmtlaw.com
*Counsel for Mr. Andela*

**/s/ Juan de Jesus Gonzalez**
Florida Bar No. 371904
Juan de Jesus Gonzalez, Lawyer, P.A.
juangonzalezlaw@aol.com
*Counsel for Mr. Suarez Alegria*

**/s/ Joseph S. Rosenbaum**
Florida Bar No. 240206
Rosenbaum & Acevedo, L.L.P.
jsr@rosenbaumacevedolaw.com
*Counsel for Mr. Ramirez Gomez*

**/s/ Nayib Hassan**
Florida Bar No. 20949
Law Offices of Nayib Hassan, P.A.
hassan@nhassanlaw.com
*Counsel for Mr. Mendivelso Jaimes*

**/s/ Marc D. Seitles**
Florida Bar No. 178284
Law Offices of Marc David Seitles, P.A.
mseitles@seitleslaw.com
*Counsel for Mr. Vargas Gomez*

**/s/ Ricardo P. Hermida**
Florida Bar No. 716790
Law Offices of Ricardo P. Hermida
rick@rphermida.com
*Counsel for Mr. Miyer Peña*

**/s/ Michael G. Smith**
Florida Bar No. 265802
SmithLawDefend@aol.com
*Counsel for Mr. Guerrero Torres*

**/s/ Albert Z. Levin**
Florida Bar No. 316581
Albert Z. Levin, P.A.
albert@albertlevinlaw.com
*Counsel for Mr. Caceres Duran*

**/s/ Dustin M. Tischler**
Florida Bar No. 33746
Dustin Tischler, P.A.
Dustin@DustinTischlerLaw.com
*Counsel for Mr. Franco Castaneda*

**/s/ Richard A. Merlino, Jr.**
Florida Bar No. 977640
Richard A. Merlino, P.A.
richmerlinoesq@gmail.com
*Counsel for Mr. Grosso Guarin*

**/s/ Jose-Carlos A. Villanueva**
Florida Bar No. 34658
Jose Carlos Villanueva, P.A.
jcv@jcvpa.com
*Counsel for Mr. Yepes Clavijo*

**/s/ Robert M. Perez**
Florida Bar No. 477494
RPerez@rmplawpa.com
*Counsel for Mr. Carmona Flores*

**/s/ Teresa Williams**
Florida Bar No. 15407
Williams Litigation Group
twilliamslaw99@gmail.com
*Counsel for Mr. Uribe Ochoa*

**/s/ Jose Rafael Rodriguez**
Florida Bar No. 302007
Law Offices of Jose Rafael Rodriguez
jrafrod@bellsouth.net
*Counsel for Mr. Blanquicet Rodriguez*

**/s/ Patrick D. Wilson**
Florida Bar No. 109325
Patrick Wilson Law, PLLC
patrick@patrickwilsonlaw.com
*Counsel for Mr. Yarce Sierra*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.

*/s/ Juan J. Michelen*