United States District Court
Southern District of Florida

Case No.: 22-cr-20104-JB

United States of America,

Plaintiff,

v.

PALACIOS PALACIOS, et al,

Defendant.

_________________________/

**Joint Reply to Government's Opposition to Joint Motion to End SHU Confinement and Permit Joint-Defense Meetings**

The defendants named in footnote one jointly reply to the Government's Opposition (DE 2213). [1]

In its opposition, the Government states these men are in the Special Housing Unit ("SHU") not because of "the Government's request," but, instead, because the Government "requested that BOP separate all

---

[1] This reply is joined by the following defendants: Angel Mario Yarce Sierra (Patrick D. Wilson); Victor Albeiro Pineda Cardona (Juan J. Michelen); Neil Caceres Duran (Albert Z. Levin); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Manuel Antonio Grosso Guarin (Richard A. Merlino, Jr.); Naiser Franco Castaneda (Dustin M. Tischler); Alejandro Giraldo Zapata (James Scott Benjamin); Gersain Mendivelso Jaimes (Nayib Hassan); Francisco Eladio Uribe Ochoa (Teresa Williams); and Carlos Giovanni Guerrero Torres (Michael G. Smith).

defendants from each other and cooperating co-defendants and co-conspirators," causing the Bureau of Prisons to place them in the SHU. Ultimately, and regardless of who actually decided that these men be placed in the SHU, the Executive Branch's actions have resulted in men presumed innocent, being housed in a prison where they are confined by themselves 23 hours a day while being denied communication with family and effective access to counsel.

1. The Prison Litigation Reform Act only requires exhaustion of genuinely available remedies and does not foreclose this Court from addressing the active Sixth Amendment violation caused by the Government's requests and the Bureau of Prisons' inability to provide meaningful access to counsel.

The Government first attempts to shield itself through procedure by arguing that these men are required to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") before requesting this Court's intervention. *See* 42 U.S.C. § 1997e(a). This argument fails for two reasons. First, inmates are only required to exhaust remedies which are genuinely available. *See Ross v. Blake,* 578 U.S. 632, 642-43 (2016).

In *Ross,* the Supreme Court identified that when procedural remedies are unavailable an inmate has no obligation to exhaust the remedy. *Id.* at 643. One example of when a remedy is unavailable is when it operates as

a "dead end," with officers unable or consistently unwilling to provide relief. *Id.* ("Available" requires "some possibility of 'some relief.'").

Here, the gentlemen are not held in the SHU because of some disputed disciplinary violation, a prison classification, or for a personal safety concern like the inmate in *Adams* who was at risk of being killed by organized crime. *See United States v. Adams,* 2007 WL 4115960 (S.D. Fla. Nov. 16, 2007). Instead, they are being held separate from each and every defendant, cooperator, and witness within this case at the Government's request. Here, until the Government lifts its request, an administrative remedy is a "dead end," not requiring these inmates to seek exhaustion. *See* 28 C.F.R. § 524.72(f) (a separation assignment may also include those "who are to be separated from others at the request of . . . U.S. Attorneys").

Second, the placement within the SHU continues to deny the men meaningful access to counsel under the Sixth Amendment, requiring this Court's intervention. The government may not unreasonably interfere with a defendant's ability to consult with counsel. *Geders v. United States*, 425 U.S. 80, 89 (1976). The Bail Reform Act requires that every detention order afford the defendant a "reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). Enforcement of the Sixth Amendment and the Bail Reform Act is not an "action" under the PLRA; it is the duty of this

Court. *Falcon v. United States Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995).

That responsibility is urgent here. Each legal visit results in unnecessary wasted time (not to mention tax dollars) waiting for counsel and the defendant to be brought to and from SHU. Visits take place behind glass, making it difficult to review discovery and can require elevating one's voice. Defense counsel is able to hear what is said in other "visitation" rooms at the SHU, creating the concern that others are able to hear private conversations between defense counsel and their client. This level of confinement makes it logistically impossible to review the discovery in this case in an effective and timely manner with one attorney, let alone meaningfully participate in joint defense meetings. The Sixth Amendment cannot permit the harm which is actively occurring.

2. The BOP's decision to house these men in solitary confinement without the ability to contact the outside world permits this Court to infer that his placement is punitive.

This Court, following *Bell v. Wolfish*, 441 U.S. 520, 535, 539 (1979), can infer that the BOP's placement of these defendants in solitary confinement from inception is punitive.

Solitary confinement is defined as a form of imprisonment in which an inmate is "isolated from human contact, typically in a small cell for 22 to 24

hours a day." Solitary Confinement, Nat'l Inst. of Corr., U.S. Dep't of Just., https://nicic.gov/resources/tags/solitary-confinement (last visited Nov. 3, 2026). Primary justifications for solitary confinement include (1) punishing inmates for disciplinary infractions; (2) protecting vulnerable individuals; and (3) managing prisoners deemed a threat to others or institutional security. *Id.*

Prolonged solitary confinement is a recognized form of torture. *See Chambers v. Florida,* 309 U.S. 227, 237 (1940) ("The rack, the thumbscrew, the wheel, solitary confinement. . . ."); *see also Press Release, Off. of the U.N. High Comm'r for Hum. Rts., United States: Prolonged Solitary Confinement Amounts to Psychological Torture, Says UN Expert* (Feb. 28, 2020), https://www.ohchr.org/en/press-releases/2020/02/united-states-prolonged-solitary-confinement-amounts-psychological-torture. Following, the United Nations has adopted the "Nelson Mandela Rules," which articulate that "indefinite solitary confinement" and "prolonged solitary confinement" (in excess of fifteen days) shall be prohibited. *UN Nelson Mandela Rules, Solitary Confinement,* https://www.solitaryconfinement.org/un-nelson-mandela-rules (last visited

Nov. 3, 2026).[2] They further provide that solitary confinement shall be used only in exceptional cases as a last resort. *Id.*

An intent to punish may be inferred when the condition is excessive in relation to the legitimate purpose assigned to it. *McMillian v. Johnson,* 88 F.3d 1554, 1564 (11th Cir. 1996). Even accepting that the Government has a legitimate objective in keeping the 17 Colombian nationals separate from the 4 cooperating witnesses at FDC Miami, demanding that all 17 defendants be separated from each other (which mathematically forces FDC Miami to lock them in the SHU due to "space limitations") is wildly excessive in relation to that purpose, especially after these individuals lived together in shared cells in Haiti for five years.

Dated: November 4, 2026

Respectfully submitted,

**/s/ James Scott Benjamin**
Florida Bar No. 293245
Benjamin, Aaronson,
Edinger & Patanzo, P.A.
Jamie@BenjaminAaronson.com
*Counsel for Mr. Giraldo Zapata*

**/s/ Juan J. Michelen**
Florida Bar No. 92901
Stumphauzer Kolaya
& Sloman, PLLC
jmichelen@skslegal.com
*Counsel for Mr. Pineda Cardona*

**/s/ Nayib Hassan**
Florida Bar No. 20949
hassan@nhassanlaw.com
*Counsel for Mr. Mendivelso Jaimes*

**/s/ Michael G. Smith**
Florida Bar No. 265802
SmithLawDefend@aol.com
*Counsel for Mr. Guerrero Torres*

[2] The United States has not implemented the Mandela Rules; however, the United States recommended that the United Nations adopt them. *See Jackson v. Anastasio,* 150 F.4th 851, 864 (7th Cir. 2025) (Hamilton, J., joined by Rovner, J., concurring).

**/s/ Albert Z. Levin**
Florida Bar No. 316581
Albert Z. Levin, P.A.
albert@albertlevinlaw.com
*Counsel for Mr. Caceres Duran*

**/s/ Dustin M. Tischler**
Florida Bar No. 33746
Dustin Tischler, P.A.
Dustin@DustinTischlerLaw.com
*Counsel for Mr. Franco Castaneda*

**/s/ Richard A. Merlino, Jr.**
Florida Bar No. 977640
Richard A. Merlino, P.A.
richmerlinoesq@gmail.com
*Counsel for Mr. Grosso Guarin*

**/s/ Teresa Williams**
Florida Bar No. 15407
Williams Litigation Group
twilliamslaw99@gmail.com
*Counsel for Mr. Uribe Ochoa*

**/s/ Patrick D. Wilson**
Florida Bar No. 109325
Patrick Wilson Law, PLLC
patrick@patrickwilsonlaw.com
*Counsel for Mr. Yarce Sierra*

**/s/ Jose-Carlos A. Villanueva**
Florida Bar No. 34658
Jose Carlos Villanueva, P.A.
jcv@jcvpa.com
*Counsel for Mr. Yepes Clavijo*

**Certificate of Service**

I hereby certify that on November 4, 2026, undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Patrick Wilson*
________________________
Patrick David Wilson