UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cr-20104-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PALACIOS PALACIOS, et. al.,

Defendants.
_________________________________/

**DEFENDANTS' UNOPPOSED JOINT MOTION TO CONTINUE THE TRIAL DATE OF DECEMBER 14, 2026, AND THE DUE DATES/DEADLINES IN THE SCHEDULING ORDER ASSOCIATED WITH THE DECEMBER 14TH TRIAL DATE [DE 2238]**

COMES NOW, the seventeen (17) Colombian defendants named in footnote 1, by and through their undersigned counsel[1], and hereby moves this Honorable Court for an Order rescheduling the Trial scheduled for December 14, 2026, and states as follows:

1. The Sixth Superseding Indictment names thirty defendants. Each of the seventeen movants is charged in Counts 1 through 3. [DE 1965]. Each is a Colombian national and a former member of the Colombian armed forces. Each has separate counsel of record.

[1] The Movant Defendants, all of whom are represented by CJA-appointed counsel unless noted, and their counsel are: Carlos Giovanni Guerrero Torres (Michael G. Smith); Victor Albeiro Pineda Cardona (Juan J. Michelen); Juan Carlos Yepes Clavijo (Jose-Carlos A. Villanueva); Angel Mario Yarce Sierra (Patrick D. Wilson); Jheyner Alberto Carmona Flores (Robert M. Perez); Edwin Enrique Blanquicet Rodriguez (Jose Rafael Rodriguez); Manuel Antonio Grosso Guarin (Richard A. Merlino, Jr.); Jhon Jairo Ramirez Gomez (Joseph S. Rosenbaum); Alejandro Giraldo Zapata (James Scott Benjamin); Neil Caceres Duran (Albert Z. Levin); Jhon Jader Andela (David A. Donet, Jr.); Enalber Vargas Gomez (Marc D. Seitles); John Jairo Suarez Alegria (Juan de Jesus Gonzalez); Gersain Mendivelso Jaimes (Nayib Hassan); Alex Miyer Peña (Ricardo P. Hermida); Naiser Franco Castaneda (Dustin M. Tischler); Francisco Eladio Uribe Ochoa (Teresa Williams).

2. This case is scheduled for a calendar call on December 1, 2026, 8:30 a.m. and for trial beginning on December 14, 2026.

3. The Defense is not seeking continuance of the December 1, 2026, calendar call, only of the trial date of December 14, 2026, and the related due dates/deadlines in the relevant scheduling order [DE 2238]. There is an additional issue to address at the calendar call: SHU unresolved issues regarding housing and separation orders involving the seventeen (17) Colombian defendants.

4. Counsel for the seventeen (17) Defendants just received notice of access to over eighty-four (84) TB of discovery. This is a voluminous case with complex litigation involved.

5. Undersigned counsel anticipates the Government providing additional discovery in this matter.

6. Undersigned counsel respectfully submits that additional time is reasonably necessary to complete a thorough review of the discovery produced, evaluate any supplemental discovery anticipated by the Government, meet extensively with their respective clients regarding that evidence, and fully investigate the legal and factual issues presented by this prosecution. Given the seriousness of the charges and the potential sentencing consequences, counsel cannot responsibly advise their clients regarding pretrial litigation, plea negotiations, or trial strategy without sufficient opportunity to complete that review. The requested continuance is therefore sought not for purposes of delay, but to ensure the effective assistance of counsel and the fair administration of justice.

7. In addition, defense investigators require additional time to conduct a complete and independent investigation, including reviewing the discovery materials, identifying, and interviewing potential witnesses, evaluating investigative leads, and reporting his findings to counsel. Completion of that investigation is essential to counsel's ability to make informed strategic decisions, evaluate potential motions, prepare for trial if necessary, and provide constitutionally effective representation. The requested continuance will permit that investigation to be completed in a diligent and meaningful manner.
8. During a discovery conference with the Government, defense counsel conferred with the Government regarding this requested relief and the Government has no objection.
9. The parties feel that the Court should set a Status of this matter in four (4) months and at that point defense counsel and the defendants will have a better understanding of the scope and magnitude of the discovery reviewed and will be able to better advise as to when this case will be realistically ready for trial.
10. This is the first time that this matter has been scheduled for trial.

**<u>LAW REGARDING REQUESTS FOR CONTINUANCES</u>**

11. This Court is authorized under 18 U.S.C. § 3161 (h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the

proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. §3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the Defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the District Court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009), (quoting *United States v. Gonzales,* 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id.* at 1271. Simply stating, the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See Id.* at 1271-72.

12. In *United States v. West,* 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

13. Defense counsels' request for a continuance satisfies the criteria in 18 U.S.C. §3161(h)(7). In equity, counsel is seeking additional time to further review the discovery submission and any forthcoming/additional discovery with the Defendants and the Investigators. Additional time is necessary because the case is complex and the discovery is voluminous. Counsel cannot complete an informed evaluation until the discovery has been reviewed by counsel and with the defendants to fully assess the scope of litigation.

14. The ends of justice served by this requested delay outweigh the best interest of the public and the Defendants in a speedy trial. Only after a thorough evaluation of all evidence and completion of any investigation can counsel fully advise their clients as to their rights, options, and potential strategies. The Defendants have constitutional rights to effective assistance of counsel, meaningful advice concerning plea negotiations, pretrial motions, trial strategy, sentencing exposure, and joint defense considerations cannot responsibly be provided until counsel completes the investigation and discovery review. Further, counsel needs to diligently assess the full discovery to adequately advise their clients as to their potential sentencing range in this case, discuss and prepare pre-trial motions, and for trial preparation.

15. Defense counsels' request for a continuance also satisfies the factors in *United States v. West.*

16. First, counsel for the Defendants has been diligent in reviewing the discovery that has been provided, conferring with the Government, communicating with

clients, organizing evidence, coordinating, and consulting with investigators. Further, counsel has been in regular contact with the Government to procure discovery, discuss the case, applicable guidelines, mitigation, and the need for this motion.

17. Second, it is likely this continuance will accomplish the underlying purpose of this request. Excluding four (4) months from the Speedy Trial Act will allow defense counsel to initiate a full and complete review of discovery, evaluate the discovery for potential pre-trial motion issues, allow investigators to initiate a complete investigation, consult with the Defendants regarding their legal options, and further engage in preparation for trial. At this juncture, there is no "inconvenience" to any party or the Court that would outweigh the requested relief.

18. The final *West* factor is the need asserted for the continuance and the harm that the Defendants might suffer as a result of a denial and consideration of any inconvenience to opposing counsel, witnesses, and the Court that a continuance may cause. The need for continuance is described throughout this motion. Denial of the requested continuance would substantially impair counsel's ability to discharge their constitutional obligations. Counsel would be required to make critical strategic decisions, advise the Defendants regarding plea negotiations and sentencing exposure, determine the necessity of pretrial litigation, and prepare for trial without the benefit of complete review of the discovery, and a completed factual investigation. Such circumstances would undermine the Defendants' Sixth Amendment right to

the effective assistance of counsel and would substantially increase the likelihood of unnecessary litigation, duplication of effort, and inefficient use of judicial resources. Under these circumstances, the requested continuance serves the ends of justice contemplated by 18 U.S.C. § 3161(h)(7).

19. Granting the four (4) month continuance followed by setting this case for a Status after that time, serves the interests of justice while protecting the defendants' Sixth Amendment rights. Absent the requested continuance the defense will be unable to adequately prepare the case, initiate conducting a complete investigation, effectively advise the Defendants to the merits of the case, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, counsel will be unable to provide effective assistance of counsel and the Defendants' rights to be effectively represented in these proceedings will be seriously damaged. Such a situation would be a miscarriage of justice.

20. This request is made in good faith and not for the purpose of mere delay.

21. The Defendants have been advised of their rights to a speedy trial, they understand and stipulate to this motion and hereby, by and through undersigned counsel, waive same.

22. The requested continuance is modest, jointly requested, and supported by good cause. It will allow counsel to complete the work necessary to provide constitutionally effective representation while promoting the orderly administration of justice. The Government does not oppose the requested relief, and the requested exclusion of time is appropriate under the Speedy

Trial Act because the ends of justice served by the continuance substantially outweigh the interests of the public and the Defendants in proceeding to trial on the currently scheduled date.

WHEREFORE, Defendants, by and through their counsel, respectfully move this Honorable Court for an entry of an Order keeping the December 1, 2026 calendar call, and continuing the Trial date of December 14, 2026, and the related due dates/deadlines in the relevant scheduling order [DE 2238], and requests that this matter be rescheduled for a Status at least four (4) months out, at which time the parties will have a realistic timeframe as to when the case will be ready for trial.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically by using the CM/ECF system on this 10th day of November 2026 to all persons entitled to electronic notice in this case.

Respectfully submitted,

RICHARD A. MERLINO, P.A.
*Counsel for Defendant, Grosso Guarin*
1212 East Broward Boulevard
Suite 300
Fort Lauderdale, Florida 33301
Telephone: 954-467-8989
E-Mail: richmerlinoesq@gmail.com

By: */s/ Richard A. Merlino*
Richard A. Merlino
Florida Bar: 0977640